IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JOSH TILLMAN,
    Plaintiff

VS.

No. _____

JURY TRIAL DEMANDED

DECATUR COUNTY,
ROY WYATT, in his individual and official capacity,
PAMELA BRASHER, in her individual and official capacity,
ADVANCED CORRECTIONAL HEALTHCARE,
DEPUTY JOSH BLANKENSHIP, in his individual and official capacity,
    Defendants

## COMPLAINT

Comes now the Plaintiff, Josh Tillman, by and through his attorney of record Leanne A. Thorne, and alleges the following:

### JURISDICTION AND VENUE

1. At all times relevant, Josh Tillman (hereinafter "Plaintiff") was an inmate at the Decatur County Jail in Decaturville, Decatur County, Tennessee.

2. Defendant Decatur County is a municipality chartered by the State of Tennessee and as such is a political subdivision of the State of Tennessee and among its other functions operates and maintains a law enforcement agency known as the Decatur County Sheriff's Department. Decatur County is under a duty to run its policing activities in a lawful manner so as to preserve the peace of the Decatur County and to preserve to its citizens the rights, privileges and immunities guaranteed and secured to them by the constitutions and the laws of the United States and the State of Tennessee. Decatur County does not have immunity for the acts and/or omissions of its employees

set forth herein arising out of and in the course and scope of their employment complained of herein pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., particularly T.C.A. § 29-20-205. Decatur County is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

3. At all times material hereto, Defendant Roy Wyatt was the Sheriff of the Decatur County Jail, and was acting by virtue of his position with Decatur County; under the color of state law; and in the course and scope of his employment with Decatur County. Defendant Wyatt is sued in his individual and official capacity. He was a county policy maker with respect to jail policies and procedures.

4. At all times material hereto, Defendant Pamela Brasher was the Jail Administrator of the Decatur County Jail, and was acting by virtue of her position with Decatur County; under the color of state law; and in the course and scope of her employment with Decatur County. Defendant Brasher is sued in her individual capacity. She was a county policy maker with respect to jail policies and procedures.

5. Defendant Advanced Correctional Healthcare (hereinafter "ACH") is a corporation and was at all times relevant to this action the medical provider under contract with Decatur County, providing medical, psychiatric, and pharmaceutical services at the Decatur County Jail. ACH is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of law.

6. At all times material hereto, Deputy Josh Blankenship was employed at the Decatur County Sheriff's Department and was acting by virtue of his position with Decatur County; under the color of state law; and in the course and scope of his employment with Decatur County. Defendant Blankenship is sued in his individual and

official capacity.

7. Each and all of the acts of Defendants involved in this incident were performed under the color and pretense of the constitutions, statues, ordinances, regulations, customs and usages of the United States of America, the State of Tennessee, the County of Decatur, under the color of law and by virtue of their authority as employees of and/or independent contractors with Decatur County and in the course and scope of their employment with Decatur County.

8. The incidents which give rise to this cause of action occurred within this Court's jurisdiction, and within one year of the filing of this Complaint.

9. Venue is proper pursuant to 28 U.S.C. § 1391, as all the Defendants are residents of this district and/or all the acts or omissions which give rise to this cause of action occurred within this district and division.

10. Jurisdiction is proper in this Honorable Court pursuant to federal question jurisdiction, 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and (4) and 42 U.S.C. § 1983. The Plaintiff further invokes the pendent and supplemental jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. The Plaintiff avers that the Defendants do not have immunity for violating the civil rights of citizens and have waived sovereign immunity for the acts and/or omissions set forth herein pursuant to the Tennessee Governmental Tort Liability Act, T.C.A. § 29-20-101 et seq., particularly T.C.A. § 29-20-205 and T.C.A. § 29-20-310(c). Accordingly, this Honorable Court has jurisdiction over all of the claims asserted herein.

## FACTS

11. Paragraphs 1 through 9 are incorporated as if fully rewritten herein.

12  Plaintiff was incarcerated in the Decatur County Jail on March 29, 2014.

13  Plaintiff had been prescribed Xanax by his family physician, Dr. Joseph Montgomery to treat an anxiety disorder. He was prescribed one (1) milligram of Xanax to be taken twice daily. He had been taking prescription benzodiazepines for several years.

14. Xanax is a Schedule IV controlled medication in the class of drugs known as benzodiazepines. In March 2014, it was well-known that abruptly discontinuing benzodiazepines, such as Xanax, could lead to severe, painful, and terrifying withdrawal symptoms, potentially resulting in death or serious bodily harm. It was also known that Xanax treatment for long-term users could not be safely discontinued unless the medication was tapered off in a slow and deliberate fashion while the patient was monitored by appropriate medical professionals.

15. Plaintiff had previously been incarcerated in the Decatur County Jail on other occasions, most recently as a "weekender," or serving his sentence exclusively on weekends. The Plaintiff's Xanax prescription was well-known to the jail staff, and had been documented in the Plaintiff's jail medical file on numerous occasions.

16. On previous occasions, as recently as November 2013, Plaintiff's Xanax had been denied in writing by Lisa Hatch Hubbard, a physician's assistant, pursuant to the County's blanket "no narcotics" policy, stated explicitly and without exception in the Decatur County Jail Policy Manual. Ms. Hubbard signed these medication denial forms as a physician although she is not a licensed physician. Upon information and belief, Ms. Hubbard is an employee of ACH.

17. Upon being booked in on March 29, 2014, Plaintiff received a medical intake, and it was noted that he was on "nerve medicine," a slang term for medication prescribed for anxiety disorders. The questionnaire was completed by Defendant Blankenship of the Decatur County Sheriff's Department.

18. Defendant Blankenship failed to document the specific medications prescribed and their dosages and frequency; failed to take Plaintiff's vital signs; failed to take any other steps to monitor Plaintiff's condition for withdrawal symptoms or to warn other correctional staff to monitor the Plaintiff for withdrawal symptoms.

19. Although Plaintiff requested his medication, pursuant to the explicit policy of the Decatur County Jail, Plaintiff was denied his Xanax prescription by jail staff, and there was no step-down protocol or comparable medication given in its place.

20. At no time from the moment Plaintiff entered the Jail until April 2, 2014, was he given his prescription for Xanax.

21. Beginning on March 31, 2014, Plaintiff began experiencing Xanax withdrawal symptoms including anxiety, confusion, difficulty concentrating, lack of appetite, and inability to sleep.

22. Plaintiff requested his Xanax prescription on multiple occasions in the Jail, and even indicated to Jail staff on March 31, 2014, that he would continue to have withdrawal symptoms if his medications continued to be denied.

23. From the time of his medical intake until April 2, 2014, no employee of the Decatur County Jail monitored Plaintiff as a person who could experience withdrawal from benzodiazepines. Deputy Blankenship did not notify other jail staff to monitor the Plaintiff for withdrawal symptoms, as medical protocols would dictate.

24. Between the time of his medical intake and April 2, 2014, Defendant Blankenship failed to properly notify a physician of Plaintiff's prescription so they could taper the Xanax medication and avoid the foreseeable withdrawal symptoms experienced by the Plaintiff.

25. The withdrawal symptoms Plaintiff experienced and notified jail staff of are the foreseeable and known symptoms of Xanax withdrawal.

26. On April 2, 2014, while out on work detail as a trustee with the Decatur County Sheriff's Department, Plaintiff suffered a violent grand mal seizure, causing him to fall face-first into a drainage ditch. An observant passerby stopped and pulled Plaintiff from the water and to safety. Plaintiff was then transported by ambulance to a local hospital, and later transferred to Jackson-Madison County General Hospital.

27. Plaintiff was immediately given his prescription by hospital staff and examined. The cause of his seizure was identified as acute Xanax withdrawal.

28. As a direct and proximate result of the acts set forth herein, Plaintiff experienced physical and mental pain and suffering. Additionally, he was precluded from performing his job as a heavy machine operator for a period of one year after his seizure, the typical monitoring period, resulting in financial damages.

29. Defendants failed to properly monitor Plaintiff for withdrawal symptoms even when his symptoms were known to them. Defendants further failed to take reasonable steps to prevent Plaintiff's withdrawal.

30. The risk of withdrawal syndrome in Xanax users is well-known in jails. Defendants Wyatt and Brasher had policies, practices, customs and usages which caused prisoners to suffer, untreated, serious symptoms as a result of the abrupt termination of

their benzodiazepine medications. Such policies are the moving force behind the injuries suffered by the Plaintiff in this case. By enacting and following such policies, Defendants were deliberately indifferent to the serious medical need of the Plaintiff in this case.

31. Defendants Wyatt and Brasher were also deliberately indifferent to the serious medical need of the Plaintiff by failing to train staff and implement jail policies, practices, customs and usages that adequately addressed the obvious and known health and safety risks to inmates entering the Jail while taking prescribed medications in the class of benzodiazepines, and likely to go into withdrawal without proper medical treatment.

32. The Defendants acted negligently, recklessly, wantonly, willfully, knowingly, intentionally, and with deliberate indifference to the serious medical need of Plaintiff.

33. As a direct and proximate result of the Defendants' actions, the Plaintiff suffered severe emotion distress, pain, and suffering.

## 42 USC § 1983 CLAIMS

34. The Defendants have, under color of state law, deprived the Plaintiff of rights, privileges and immunities secured by the Fourteenth and Eighth Amendments to the United States Constitution, including but not limited to the right to be free from cruel and unusual punishment, the right to be protected, and the right to adequate medical care while incarcerated.

35. Defendant Blankenship failed to document Plaintiff's prescription; failed to properly monitor him for withdrawal symptoms; failed to notify other correctional staff to monitor Plaintiff for withdrawal symptoms; and failed to follow medical protocols.

36. Decatur County, ACH, Defendant Brasher, and Defendant Wyatt failed to adequately train and supervise the Jail's corrections officers and staff in the intake, assessment, and correctional and medical care of inmates who arrive at the jail while taking prescription drugs in the benzodiazepine class, including Plaintiff.

37. The rules, regulations, customs, policies and procedures of the Defendants were inadequate and unreasonable, and were the moving force behind the constitutional deprivations suffered by Plaintiff.

38. Although the policymakers (Defendants Wyatt and Brasher) were on notice of the obvious need to train and supervise Jail staff in the area of day-to-day Jail operations, policies and procedures relating to medical and mental health assessment and follow-up care of inmates, the County, ACH, Defendant Brasher, and Defendant Wyatt failed to adequately train and supervise the individual Jail staff in that regard. The policy makers failed to develop and institute adequate reality-based training programs relating to the incarceration, care, and treatment of individuals such as Plaintiff, who had pre-existing medical conditions. As such, these Defendants were deliberately indifferent to the serious medical needs of Plaintiff.

## NEGLIGENCE BY ACH

39. Defendant ACH and their employees and agents, owed a duty of reasonable care to Plaintiff.

40. Defendants ACH has a duty to provide qualified personnel to perform medical services at the Jail, and a duty to use reasonable care in determining the qualifications of its contractors, agents and employees who provide medical services.

41. Defendants ACH has a duty to establish appropriate policies and procedures concerning the medical treatment of inmates at the Decatur County Jail.

42. Defendant ACH, their contractors, employees, and agents breached their duty to care to Plaintiff by failing to provide appropriate medical care and treatment under the circumstances by, (1) failing to train jail staff on the protocols to prevent benzodiazepine withdrawal; (2) failing to property staff the Decatur County Jail, such that inmates are not required to go for days without medication or medical attention; and (3) failing to properly train their employees attending Decatur County Jail as to the risk of stopping benzodiazepines "cold turkey."

43. As a direct and proximate result of the negligence of ACH, Plaintiff suffered injury, physical pain and suffering, emotional suffering, and financial injury.

## STATE LAW TORTS AGAINST INDIVIDUAL DEFENDANTS AND DECATUR COUNTY

44. Plaintiff hereby incorporates, in their entirety, each and every paragraph of this Complaint and by reference make said Paragraphs a part hereof as if fully set forth herein.

45. At all times material hereto, Defendants Wyatt, Brasher, and Blankenship were acting in the course and scope of their employment with Defendant Decatur County. The acts, omissions and conduct of individual Defendants alleged herein constitute negligence, negligent infliction of emotional distress, and intentional infliction of emotional distress/outrageous conduct under the laws of the State of Tennessee. Plaintiff avers that the individual Defendants named above and Defendant Decatur County should be held jointly and severely liable for all said torts as the individual Defendants were acting in the course and scope of their employment at all times material hereto and their

actions were foreseeable. In the alternative, the Plaintiff submits that Decatur County is liable for all torts committed by its employees that Decatur County has waived immunity under state law and that the individual Defendants are liable for all torts committed by them for which Decatur County has not waived immunity.

46. Under currently existing law, Plaintiff avers that the individual Defendants above-named are liable for all torts committed by them and for which the Defendant Decatur County has not waived immunity under the Tennessee Governmental Tort Liability Act (TGTLA) and which includes intentional infliction of emotional distress.

47. The individual Defendants above-named, while acting within the scope of their employment for Defendant Decatur County, engaged in outrageous, intentional, and reckless conduct when they failed to properly document Plaintiff's medication; monitor him for withdrawal symptoms; and/or administer his prescribed benzodiazepine, or notify a physician of his prescription.

48. The individual Defendants, while acting within the scope of their employment for Defendant Decatur County, engaged in outrageous, intentional, and reckless conduct when they ignored Plaintiff's withdrawal symptoms, and failed to take reasonable steps to prevent withdrawal syndrome.

49. The Plaintiff has suffered serious physical injury, including, but not limited to, grand mal seizures on April 2, 2015, as a direct result of the Defendants' outrageous, intentional and reckless conduct as set forth.

50. Under currently existing law, Plaintiff avers that Decatur County is liable for its own negligence and is responsible for all of the aforesaid torts committed by its employees for which it has waived immunity under the Tennessee Governmental Tort

Liability Act (TGTLA) and which include, negligence and negligent infliction of emotional distress.

51. The Plaintiff brings this cause of action against Decatur County for negligence pursuant to the Tennessee Governmental Tort Liability Act (TGTLA), T.C.A. § 29-20-101, et seq., particularly T.C.A. § 29-20-205. Decatur County has waived its immunity for the negligent acts or omissions of its employees complained of herein through the TGTLA, T.C.A. § 29-20-101, et seq., particularly T.C.A. § 29-20-205. At all times material hereto the Decatur County employees named herein were acting in the course and scope of their employment with Decatur County.

52. Decatur County was under a duty to conduct its law enforcement activities in such a manner as to preserve to the citizens of Decatur County, Tennessee, the rights, privileges and immunities guaranteed to them by the laws of the State of Tennessee, the Constitution of the State of Tennessee and the Constitution of the United States.

53. While the Plaintiff has asserted that the policies, practices, customs and usages of Decatur County were deliberately indifferent to his constitutional rights aforementioned in the Complaint, the Plaintiff pleads in the alternative that Decatur County negligently screened, hired, trained, monitored, supervised, controlled, assigned, counseled, investigated and disciplined its employees which made the misconduct of the individual Defendants and other employees a foreseeable result of Decatur County's widespread and systemic deficiencies. These failures by Defendant Decatur County constitute negligence under the laws of the State of Tennessee and renders Defendant Decatur County liable for all of the torts committed by the individual Defendants and other officers for which it has waived its immunity and which includes, but is not limited

to: negligence and negligent infliction of emotional distress.

54. The widespread and systemic deficiencies of Decatur County resulted in its failure to act in a reasonable and prudent manner and constitute negligence under the laws of the State of Tennessee that was a proximate cause of the torts committed by the individual Defendants.

55. As a direct and proximate result of the aforementioned acts and omissions of these Defendants, the Plaintiff has been injured and damaged.

WHEREFORE, the Plaintiff prays as follows:

a. For a jury to try the issues when joined.

b. For the entry of judgment against the Defendants for compensatory and special damages in an amount proven at trial including but not limited to damages for pain, suffering, mental and emotional distress.

c. For an award of punitive damages.

d. For costs, expenses, and attorney's fees for this action in accordance with 42 U.S.C. 1983 and 1988.

e. For an order declaring that the Defendants have acted in violation of the United States Constitution.

f. For an order enjoining the Defendants from engaging in any of the unlawful acts, omissions, or practices complained of herein.

g. For such other and further relief as the court deems just and proper.

Respectfully submitted,

s/ Leanne A. Thorne
Leanne A. Thorne, BPR #023481
P. O. Box 262
Lexington, TN 38351
(731) 968-9810
thornelaw@hotmail.com

STATE OF TENNESSEE
COUNTY OF HENDERSON

    The Plaintiff in the foregoing Complaint personally appeared before me, the undersigned authority, and on his oath stated that the facts and matters set forth in his foregoing Complaint are true, to the best of his knowledge, information and belief.

_Joshua E Tillman_
Josh Tillman, Plaintiff

Sworn to and subscribed before me, this the 25th day of March, 2015.

_Karla Nanney_
Notary Public

My commission expires: 5-30-17